IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Therese H. Assa'ad-Faltas, MD, MPH, ) | C/A No. 3:15-3186-TLW-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Sara Heather Savitz Weiss, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Marie Therese H. Assa'ad-Faltas, MD, MPH ("Plaintiff"), proceeding pro se, brings this civil action alleging a violation of her constitutional rights. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**[1]

Plaintiff, a resident of Columbia, South Carolina, seems to allege the following pertinent facts. She sues approximately ninety-one Defendants, including the City of Columbia, the Columbia Police Department, the State of South Carolina, the South Carolina general assembly, the South Carolina judicial merit selections commission, the South Carolina governor, lieutenant governor, and state judges, among many others. [Doc. 1 at 1.] Plaintiff contends that she is bringing this lawsuit for malicious prosecution of two harassment charges against her and that she has not previously brought a lawsuit relating to this matter. [*Id.* at 3.] A Columbia Police Department officer arrested Plaintiff on

---

[1]Plaintiff alleges many details in the 43-page Complaint (in small font) that the Court need not recite herein. Suffice it to say, there is a history of litigation and poor relations between Plaintiff and many of the Defendants. For example, in April 2009, Plaintiff told an attorney for Steele and Mason that she would consider Steele and Mason's "further efforts to spray her apartment with chemicals to aggravate her asthma 'an attempted murder.'" [Doc. 1 at 16.]

December 2, 2009, on two charges of harassment in the first degree with warrants—one related to Dinah Steele ("Steele"), her former landlord, and one related to Teresa Ingram ("Ingram"), her former neighbor. [*Id.* at 5.] A jury trial was held in the Richland County Court of General Sessions from February 22–26, 2010, on the harassment count related to Ingram, and the jury deadlocked; a mistrial was declared. [*Id.* at 2.] Plaintiff "knows Teresa, Rodney, and Curtis Ingram, and Charlene Crouch were paid in cash or kind to falsely testify against her in the 22–26 February 2010 General Sessions jury trial and other proceedings." [Doc. 1 at 12.]

On August 2, 2010, and August 30, 2010, the state court held hearings related to Plaintiff's harassment charges, and Plaintiff attached copies of those transcripts to the Complaint. [*Id.*; Doc. 1-1; Doc. 1-2.] On August 2, 2010, the state filed a motion for a competency evaluation of Plaintiff, and the state indicated it would re-try the harassment charge related to Ingram and would also prosecute the other harassment charge. [Doc. 1-1.] Sara Heather Savitz Weiss ("Weiss"), the prosecutor, reduced the harassment charges to second-degree harassment and remanded them on August 26, 2010, to the Columbia Municipal Court. [Doc. 1 at 29.] In the August 30, 2010, hearing, the state explained that it had remanded the two harassment charges to the Columbia Municipal Court and changed the charges to harassment second degree. [Doc. 1 at 12; Doc. 1-2.] When the two harassment charges were called to trial in the Columbia Municipal Court on August 13, 2012, Plaintiff argued for, and was granted, dismissal of those charges with prejudice. [Doc. 1 at 31.]

On April 8, 2011, the South Carolina Supreme Court entered an order to deny "Plaintiff access to all SC courts." [Doc. 1 at 39.]

"It is also clear that the hope and plan was for Dr. Faltas to resist arrest and be killed in the process with many [Columbia Police Department] officers present to testify that her shooting was justified." [Doc. 1 at 21, ¶ 202.] "Delaney, Davies and MG&C, began conspiring with Steele, Mason and others to cause Dr. Faltas' mother's death. . . ." [Doc. 1 at 17, ¶ 167.]

Plaintiff seeks relief, including: damages; to order state Judge Hood to schedule a hearing on Plaintiff's application for reimbursement of her pro se defense expenses from the two false criminal harassment counts; to order Chief Justice Toal to restore Plaintiff her equal right of access to the courts and to self-representation; to order that the Columbia Police Department be dissolved immediately because it has become a "crime syndicate;" to "enjoin the official Defendants from arresting anyone under § 16-17-340, SC Code;" and to "declare § 16-17-340, SC Code, unconstitutional."[2]  [Doc. 1 at 31–43.]

On July 8, 2010, with instructions from Weiss and Bob Cooper ("Cooper"), Steele and Larry Wayne Mason ("Mason") kidnaped Plaintiff and called the Columbia Police Department, and an officer arrested her for disorderly conduct and trespass. [Doc. 1 at 21; *see also* Report and Recommendation, *Faltas v. Weiss*, C/A No. 3:15-1784-TLW-SVH (D.S.C. May 27, 2015), ECF No. 10; *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")]  Plaintiff contends the July 8, 2010, charges were false and were resolved in her favor on April 24,

---

[2]Plaintiff apparently intends to seek a declaration that S.C. Code Ann. § 16-3-1700 is unconstitutional.  There is no statute S.C. Code Ann. § 16-17-340.

3

2013.  *See* Report and Recommendation, *Faltas v. Weiss*, C/A No. 3:15-1784-TLW-SVH (D.S.C. May 27, 2015), ECF No. 10, *accepted by* Order, ECF No. 27.  In this prior case, Plaintiff sought relief based on the alleged false arrest on July 8, 2010, and subsequent malicious prosecution; this Court dismissed that action without prejudice and without service of process because Plaintiff had failed to state a claim on which relief may be granted against Weiss and the other defendants.  *See* Order, *Faltas v. Weiss*, C/A No. 3:15-1784-TLW-SVH (D.S.C. July 23, 2015), ECF No. 27.  This Court noted that Plaintiff had sought extensions of time because she was awaiting the preparation of transcripts from two August 2010 hearings, and it denied Plaintiff relief because she had "failed to establish that production of the transcripts at issue would demonstrate that the Magistrate Judge incorrectly recommended summary dismissal of Plaintiff's claims against Defendant Weiss."[3]  *Id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard

---

[3] As noted above, Plaintiff has attached those two transcripts from the August 2010 hearings as exhibits to the Complaint in the instant action.

than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

5

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014), *cert. denied* 135 S. Ct. 1893 (2015).

As an initial matter, this action is subject to dismissal because it is frivolous. A lawsuit is frivolous if it lacks an arguable basis in law or fact. *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012); *see also Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"). This lawsuit is part of a pattern of vexatious litigation filed by Plaintiff. *See, e.g., Assa'ad-Faltas v. Carter*, No. 1:14-678, 2014 WL 5361342, at *1 (M.D.N.C. Oct. 21, 2014) (finding the lawsuit frivolous, malicious, and part of a pattern of vexatious litigation; the complaint named dozens of defendants primarily related to Plaintiff's 2009 arrest in South Carolina), *aff'd*, 2015 WL 4479024 (4th Cir. July 23, 2015) (affirming for the reasons stated by District Court, and the caption named many of the same Defendants named in the instant lawsuit). The North Carolina District Court explained that:

> . . . the complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure by failing to identify which claims pertain to which defendants, the defendants have been improperly joined, Ms. Assa'ad-Faltas is prohibited from proceeding on behalf of a class, the Eleventh Amendment bars her claims against the State of South Carolina and various agencies and officials in their official capacities, and her claims against judges and prosecutors are barred by well-established immunity doctrines. Many allegations are irrational, wholly incredible, and fantastic; for example, Ms. Assa'ad-Faltas makes a conclusory allegation that a police department's "corruption and incompetence" related to her arrest for harassing phone calls has "reached such severity as to compromise national security," . . . , and elsewhere alleges a conspiracy by the defendants to cause her death. . . . She seeks types of relief unauthorized by law on claims barred by statutes of limitations. Similar, if not identical, claims made by Ms. Assa'ad–Faltas in other courts have also been dismissed as legally deficient, frivolous, or both. . . .

*Assa'ad-Faltas v. Carter*, No. 1:14-678, 2014 WL 5361342, at *3. Similarly, in the instant action, Plaintiff alleges "[i]t is also clear that the hope and plan was for Dr. Faltas to resist arrest and be killed in the process with many [Columbia Police Department] officers present to testify that her shooting was justified." She further contends that several Defendants conspired to cause her mother's death. Such allegations are delusional and lack an arguable basis in fact. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007). Thus, this action is factually frivolous.

This civil action is also legally frivolous because Plaintiff names many Defendants that are not mentioned once in the body of the Complaint. For example, this Court has not gleaned any allegations made by Plaintiff against the following Defendants: the Gingliat, Bettis, and Savitz law firm; the South Carolina general assembly; the South Carolina

7

Judicial Merit Selections Commission; Nimrata R. Haley; Alan Wilson; Henry McMaster; John Courson; Jay Lucas; Daniel Shearouse; Jenny Kitchens; the Warden of the Alvin S. Glenn Detention Center; or William Nettles. [*See* Doc. 1.]  Therefore, this lawsuit lacks an arguable basis in law and fact against those Defendants and, thus, is frivolous.

Further, Plaintiff's lawsuit is frivolous and fails to state a claim on which relief may be granted in that much of the relief sought has no basis in law.  For example, Plaintiff's request that this Court order state Judge Hood to schedule a hearing and order Chief Justice Toal to permit Plaintiff to file cases are in the nature of seeking a writ of mandamus against those state judicial officers.  A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court.  *Black's Law Dictionary*, mandamus (9th ed. 2009).  This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court judge to take certain actions in a case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders.  *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).  Further, Plaintiff's attempt to have this Court set aside the April 8, 2011, South Carolina Supreme Court order denying his access to the state courts is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions.  *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).  Also, this Court does not have subject matter jurisdiction to dissolve the Columbia Police Department.

8

Moreover, Plaintiff does not have standing to represent other persons in this action. Thus, she has no standing to request this Court to "enjoin the official Defendants from arresting anyone under § 16-17-340, SC Code." [Doc. 1 at 37.] A non-attorney is not permitted to litigate pro se the legal rights of others. *See Myers v. Loudoun Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005); *Leyfert v. Commonwealth of Pa. House of Representatives*, No. Civ.A. 05-4700, 2005 WL 3433995 at *3 (E.D. Pa. 2005) (finding that a non-attorney, who held a power of attorney for her parents, lacked standing to file an action on behalf of her parents and, therefore, the court lacked jurisdiction over the case); *Umstead v. Chase Manhattan Mortg. Corp.*, No. Civ.A. 7:04-CV-00747, 2005 WL 2233554 at *2 (W.D. Va. 2005) (finding that pleadings filed through lay representation on behalf of another using a power of attorney must be disregarded as a nullity and those claims were "void *ab initio*"). Plaintiff also lacks standing to challenge the constitutionality of S.C. Code Ann. § 16-17-340 (or § 16-3-1700), or the issue is moot. *See Doe v. Virginia Dep't of State Police*, 713 F.3d 745 (4th Cir. 2013).

This action should also be dismissed based on the reasons previously articulated by this Court in the Order for *Faltas v. Weiss*, C/A No. 3:15-1784-TLW-SVH (D.S.C. July 23, 2015), ECF No. 27.[4] Similar to that case, Plaintiff again fails to allege plausible claims and merely alleges speculation and conjecture. Plaintiff's attachment of copies of the transcripts from the two August 2010 state court hearings does not help her allege a plausible case. The Complaint and attachments do not allege factual content that allows this Court to draw the reasonable inference that any of the Defendants are liable for the

---

[4]Many of the same facts are alleged in the instant case and in that case.

misconduct alleged. *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014), *cert. denied* 135 S. Ct. 1893 (2015).

This action should also be dismissed pursuant to Eleventh Amendment and absolute immunities. Many Defendants are South Carolina agencies and officials. To the extent Plaintiff brings suit against them in their official capacities and seeks damages, the Eleventh Amendment protects those Defendants from being sued in federal court. *See Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013). A suit against a person in his official capacity, as an official representative of the government, is a suit against the government. *See Brooks v. Arthur*, 626 F.3d 194, 201–03 (4th Cir. 2010). Further, some Defendants appear to be state judges. Those Defendants should be dismissed based on absolute judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).

Lastly, this Court believes that Plaintiff does not plausibly allege Fourth Amendment violations for malicious prosecution.[5] To state a malicious prosecution claim under § 1983, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). The favorable termination element is satisfied where a prior criminal case against a plaintiff has been

---

[5]It appears that Plaintiff is not asserting a false arrest claim based on her December 2, 2009, arrest. Even if she had made such a claim, the statute of limitations likely has expired because it began to run the day Plaintiff was held pursuant to legal process, such as bound over by a magistrate or arraigned; thus, the three-year statute would have expired around 2013 (in any event prior to this lawsuit being filed on August 12, 2015). *See Wallace v. Kato*, 549 U.S. 384, 389–90 (2007).

disposed of in a way that indicates the plaintiff's innocence.  *See Hewitt v. Garrison*, C/A No. 6:12-3403-TMC, 2013 WL 6654237 (D.S.C. Dec. 17, 2013).  Courts have held that "a simple, unexplained nolle prosequi, dismissal, or disposal of pending state charges that results in the dismissal of the charges for reasons other than the defendant's innocence does not satisfy the favorable termination requirement." *Id.*  The fact that Plaintiff argued for, and was granted, dismissal of the two harassment charges with prejudice, after those charges had been pending for several years and after a mistrial based on a deadlocked jury on a prior trial of one count of harassment, is not a circumstance that indicates Plaintiff's innocence.  Therefore, Plaintiff fails to plausibly allege the favorable termination requirement.[6]

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

August  24, 2015                             s/Jacquelyn D. Austin
Greenville, South Carolina                United States Magistrate Judge

---

[6]To the extent Plaintiff may allege a common law claim for malicious prosecution and brings it against state or local governmental entities, employees, or agents, the two-year statute of limitations under the South Carolina Tort Claims Act likely bars the claim.  *See Hewitt v. Garrison*, C/A No. 6:12-3403-TMC, 2013 WL 6654237, at *6–7 (D.S.C. Dec. 17, 2013).  The statute of limitations began to run on August 13, 2012, the date Plaintiff obtained a dismissal of the harassment charges; thus, the statute expired in 2014.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).